UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:11-cr-627-T-23AEP
     8:12-cv-2780-T-23AEP

JORGE LEVIS GAMBOA-RENTERIA
                                                              /

UNITED STATES OF AMERICA

v.  Case No.  8:11-cr-627-T-23AEP
     8:13-cv-1457-T-23AEP

JILSON AGUSTO CASTILLO-LOBOA
                                                              /

**O R D E R**

In separate motions to vacate under 28 U.S.C. § 2255, co-defendants Gamboa and Castillo ("the defendants") challenge the validity of their convictions for conspiring to possess with the intent to distribute cocaine while aboard a vessel, for which offense Gamboa serves 188 months and Castillo serves 97 months.  Citing *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), both motions to vacate challenge the district court's jurisdiction.  Although timely, each motion lacks merit.

*Hurtado* is factually distinguishable.  The defendants were convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress

"[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejects the argument that the "Offences Clause" supports the MDLEA for drug activity that occurs within a foreign country's territorial water. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable because each defendant admitted in their plea agreement that their vessel was in international water. The plea agreements recite the following facts:

> On or about December 1, 2011, Jorge Levis Gamboa-Renteria, Jilson Augusto Castillo-Loboa, and Willian Hurtado-Campaz were discovered by the United States Coast Guard transporting cocaine for further distribution, while on board a vessel in international waters off the coast of Panama. During the encounter the

> defendants jettisoned bales of the cocaine from the vessel. Approximately 307 kilograms of the abandoned cocaine was recovered. The claim of Colombian nationality for the vessel was neither confirmed nor denied by Colombia, rendering the vessel without nationality, and subject to the jurisdiction of the United States.

Gamboa (Doc. 23 at 17 in 8:11-cr-627-T-23AEP); Castillo (Doc. 24 at 17 in 8:11-cr-627-T-23AEP). The defendants now contend that their vessel was not in international water, which is defined as all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). Responding to Gamboa's motion to vacate, the United States provides an affidavit from an Assistant Secretary of State for International Narcotics and Law Enforcement Affairs, which states as follows (Exhibit D, Doc. 5, 8:12-cv-2780-T-23AEP):

> On December 1, 2011, United States law enforcement personnel detected a go-fast vessel 8 nautical miles south of Isla Jicaron, Panama. The go-fast vessel continued on a northerly course at high speeds and eventually exited Panamanian territorial waters then stopped. The go-fast vessel began jettisoning contraband approximately 2 nautical miles outside of Panamanian Territorial waters. As United States law enforcement personnel approached the go-fast vessel, it got underway at a high rate of speed on a northerly course. Shortly thereafter, the go-fast vessel stopped while in international waters to jettison more contraband. United States law enforcement personnel arrived on scene and found the go-fast vessel was taking on water. United States law enforcement personnel removed the three crewmembers from the go-fast vessel due to safety concerns. Subsequently, the go-fast vessel capsized and sank.

Although the defendants' vessel was detected within a country's territorial water, the vessel exited Panamanian territorial water and was seized in international

water.  Because the vessel was not continuously within a country's territorial water, *Hurtado* is inapplicable.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Gamboa and Castillo in their respective case and close each case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

The defendants are not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, the defendants must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  The defendants cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, the defendants are not entitled to appeal *in forma pauperis* because neither is entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Each defendant must pay the full $455

appellate filing fee – in their respective civil case – without installments unless the circuit court grants leave to proceed *in forma pauperis* on appeal.

ORDERED in Tampa, Florida, on October 21, 2013.

>                              /s/ Steven D. Merryday
> _____
> STEVEN D. MERRYDAY
> UNITED STATES DISTRICT JUDGE